### J. T. Moss et al. v. Dock Warren et al.

#### Decided November 27, 1909.

**1.—Retail Liquor Dealer—Application for License—Amendment.**

A license issued to a retail liquor dealer will not be held void because the county judge issuing the same permitted the applicant to amend his application on the day the license was issued·by inserting a necessary statutory averment in the application, nor by the failure of the county judge to give ten days time after the filing of the amendment to parties desiring to contest the application.

**2.—Same.**

An application for license as a retail liquor dealer should be heard and acted upon by the county judge in vacation, and not by the judge when sitting as a court.

**3.—Same—Number of Permits—Statute Construed.**

Section 9j of the Act of April 17, 1909, (Gen. Laws, 1909, page 301) only restricts the number of permits to liquor dealers to one for every 500 inhabitants when not more than that number of persons were engaged in such business in a given city, town or justice precinct on February 20, 1909; and there is nothing in the law which requires that the issuance of permits, up to the number of persons engaged in such business on February 20, 1909, can only be made to the persons who were engaged in such business on said date; but it is provided that if the number of applications exceed the number of persons engaged in such business on February 20, 1909, preference should be given to those who apply for license to do business at the places and locations where such business had been previously conducted.

Appeal from the District Court of Orange County. Tried below before Hon. W. B. Powell.

*Adams & Huggins,* for appellants.—Such a petition as required by law for license as a retail liquor dealer must be on file with the county judge for not less than ten nor more than twenty days before said petition is heard, and a judgment based on a petition, though containing the requisites prescribed by law, which has not been on file for the time required by law, is void. State v. Seibert, 71 S. W., 95; Horan v. Wahrenberger, 9 Texas, 313, 314; Bohl and Brown v. Brown, 2 W. & W. C. C., paragraphs 539, 541.

The County Court is without jurisdiction to hear a petition for license as a retail liquor dealer at a special term of said County Court, and a judgment rendered at such a term is void. Ex parte Cole, 51 Texas Crim. App., 166; State ex rel. Tucker v. Mitchell, 105 S. W., 655.

*J. B. Bisland,* for appellees.

PLEASANTS, CHIEF JUSTICE.—This appeal is from an order of the district judge for the First Judicial District, made in chambers, refusing to grant an injunction restraining appellee Dock Warren from pursuing the occupation of a retail liquor dealer at No. 501 Front Street, in the city of Orange, Texas. Appellants, who filed the petition for injunction, are legally licensed retail liquor dealers in said city of Orange and were contestants of the application of Dock Warren for license as retail liquor dealer. They now seek to have appellee Dock Warren enjoined from carrying on the business of a retail liquor dealer on the ground that he is not legally licensed as such dealer.

The petition alleges that a petition for license was filed by said Warren with the county judge of Orange County on August 16, 1909, and that upon a hearing of said petition on August 27, 1909, it was granted by the county judge and license was issued to said Warren. This license is alleged to be void for the following reasons:

First: Because the petition filed by Warren on August 16 did

not contain the necessary allegation, "that he had not had his license as a liquor dealer revoked or forfeited within the next preceding five years," and for that reason the order granting such license was void.

Second: That the petition was not granted at a regular term of the County Court, and therefore the order of the judge granting same was void.

Third: That the permit of the Comptroller, upon which the order of the county judge granting said license was based, was void because the number of permits issued by said Comptroller prior to the issuance of the permit to Warren was in excess of one for each 500 inhabitants of said city, and Warren was not engaged in such business in said city on February 20, 1909, and therefore the order of the county judge granting said license was void.

We think none of these objections to the order of the county judge granting the petition of appellee Dock Warren for license as retail liquor dealer rendered such order and the license issued thereunder void. The petition for injunction alleges that appellee's petition for license did not contain the necessary allegation, "That he had had no license as a retail liquor dealer revoked or forfeited within five years next before the filing of his petition." The exhibit attached to said petition and made a part thereof, and which purports to be a copy of appellee's original petition for a license, contains the above quoted allegation, and the notice issued on the day that appellee's original petition was filed recites that said petition contains such allegation, but appellants allege in their petition that the original petition filed by appellee was amended by permission of the county judge on the day the application was heard and said above quoted allegation was then inserted therein for the first time.

We see no reason for holding that the county judge was unauthorized to permit this amendment, as alleged by the appellants, and the failure of the county judge to grant appellants, who were contesting said application, ten days' time after the filing of said amendment would not render the order granting said application void. Under the former statute regulating the issuance of license to liquor dealers it was held in the case of Castellano v. Marks, 37 Texas Civ. App., 273, that the failure to include in the application all of the statutory requirements did not render a license issued thereon void. We think this holding is sound and is conclusive of the question above discussed.

Section 10 of the Act of the Thirty-first Legislature, approved April 17, 1909, and under which the license to appellee Warren was granted, provides that any person desiring to procure a license as a retail liquor dealer may either "in term time or vacation" file his petition with the county judge of the county in which he desires to pursue such occupation, and that "upon the filing of such petition the county judge shall set the same for hearing at a time not less than ten or more than twenty days from the filing of the same, and if upon a trial or hearing thereof he finds the facts stated in said petition are true and that the same is accompanied by the (Comptroller's) permit aforesaid, he shall grant a license such as

prayed for. . . ." This Act by the express terms above quoted requires the county judge to pass on such application in vacation, and expressly negatives the idea that the application can only be heard by the county judge when sitting as a court at a time fixed by law for holding a regular term of the County Court for the county in which the application is filed. It follows from this language of the statute that appellants' objection to the order on the ground that it was not made at a regular term of the County Court of Orange County is without merit.

The third objection to the order granting the license is, we think, equally untenable. The petition for injunction does not allege that the Comptroller had, prior to the time he issued to appellee the permit to apply for a license, issued permits to as many persons as were engaged in the retail liquor business in the city of Orange on February 20, 1909, but on the contrary, it is alleged that eighteen persons were engaged in said business in the city of Orange on the date named, and that permits for only sixteen persons had been issued under the provisions of the Act of the Legislature before mentioned.

Section 9j of this Act only restricts the number of permits to one for every 500 inhabitants when not more than that number of persons were engaged in such business on February 20, 1909, and there is nothing in the law which requires that the issuance of permits up to the number of persons engaged in such business on February 20, 1909, can only be made to the persons who were engaged in such business on said date, but it is provided that if the number of applications exceed the number of persons engaged in such business on February 20, 1909, preference should be given (not to the persons who were engaged in the business on February 20, 1909, but) to those persons who apply for license to do business at the places and locations where such business had been previously conducted.

The order of the county judge granting appellee's petition not being void upon any of the grounds stated in appellants' petition, and the license issued thereunder being regular in form, the trial judge properly refused to grant the injunction prayed for by appellants, and his order refusing to grant same is affirmed.

*Affirmed.*

Writ of error refused.